## L. DAY *v.* W. S. GORDON et als.

Where the wife is alone interested in the suit, she must be a party to the appeal bond, or her appeal will be dismissed.

APPEAL from the District Court of the Parish of St. Helena, *Watterson,* J. The appeal was taken by motion in open court in behalf of the "defendants" generally. The bond stated that " we, *William S. Gordon* and *Wil·*

DAY
v.
GORDON.

liam S. Bates, as principals, and William Allen and Thomas D. Allen, as their securities, were held and firmly bound," &c.  It recited that "the said obligors, William S. Gordon and William S. Bates had appealed from the judgment," &c., and there was nothing to show that the wives were in any manner bound by the bond—it being signed by

W. S. GORDON,

W. S. BATES,

W. ALLEN,

T. D. ALLEN.

Muse & Merrick, for plaintiff.   Davidson & Penn, for defendants and appellants.

VOORHIES, J.  The plaintiff has moved for the dismissal of the appeal on several grounds, one of which only need be noticed.  The plaintiff is the surviving spouse, and the defendants the descendants and heirs, by a former marriage, of William Day, deceased.  This action was brought by the plaintiff to recover one-half of the property and effects belonging to the community which formerly existed between her and the said Day.  Her demand was resisted by the defendants on several grounds, as alleged in their answer.  The case was submitted to a jury, and from the judgment rendered on their verdict in favor of the plaintiff, an appeal was granted to the defendants.  The ground on which we are of opinion that the appeal must be dismissed, is, because the appeal was taken by the defendants generally, and the appeal bond is only signed by W. S. Gordon and W. S. Bates, as principals, who are not the real defendants in this suit, their wives only being parties in interest.  C. P. 573, 578, 579.  This case can hardly be distinguished from that of Wood v. Wall, 5 A. 179.

It is therefore ordered, adjudged and decreed, that the appeal be dismissed at the costs of W. S. Gordon and W. S. Bates.